UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCCLURE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-00822-LJM-TAB |
| | ) | |
| CRAWFORDSVILLE POLICE DEPARTMENT, CITY OF CRAWFORDSVILLE, and CHARLES COONS, Mayor, | ) ) ) ) | |
| Defendant. | | |

## **ORDER ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on defendants', Crawfordsville Police Department, City of Crawfordsville (the "City"), and Charles Coons, Motion to Dismiss (Dkt. No. 9). At the outset, the Court notes that in his brief, the plaintiff, Christopher McClure ("McClure"), relinquishes any claims against Charles Coons and the Crawfordsville Police Department. Pl.'s Br. at 1. Accordingly, the Court **GRANTS** the City's Motion to Dismiss with respect to McClure's claims against those defendants. The only remaining defendant is the City.

For purposes of the Defendants' Motion, the Court accepts as true the well-pleaded factual allegations from the Complaint. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). On August 4, 2008, McClure was arrested for possession of methamphetamine. Compl. ¶ 4. At the time of his arrest, McClure claimed that the substance in his possession was merely a dietary supplement, but this was not confirmed by a laboratory test until after McClure had been detained in the Montgomery County Jail for ninety two days. *Id.* ¶¶ 5, 7. McClure alleges that the prolonged detainment was due

to the City's custom or policy, in violation of his constitutional rights.[1]  *Id.* ¶ 4, 6.

In its opening brief, the City argues that the Court should dismiss McClure's § 1983 claim because McClure failed to plead factual content suggesting that the Police Department acted pursuant to an unconstitutional policy or custom.  *See generally Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690-91 (1978).  In addition, in its reply brief, the City raises a more troubling issue.  Specifically, the City asserts that there is no constitutional right to a speedy confirmation of preliminary evidentiary findings.  Contrary to the City's assertion, such a cause of action is cognizable under either the Fourth Amendment, *Sivard v. Pulaski Cnty.*, 959 F.2d 662, 666-68 (7th Cir. 1992), or the Fourteenth Amendment, *Baker v. McCollan*, 443 U.S. 137, 144 (1979), depending on the circumstances preceding the alleged prolonged detention.

Turning to the issue of whether McClure has sufficiently alleged a claim premised on the City's municipal liability, the Court notes that the allegations in McClure's Complaint mirror those at issue in *Sivard*, and the court in that case held that "the inexplicable nature of Sivard's detention makes it seem within the realm of probability that some official policy was responsible for his excessively long detention."  *Sivard*, 959 F.2d at 668-69.  The detention at issue in *Sivard* lasted seventeen days.  *Id.* at 664.  McClure's detention

---

[1] McClure does not dispute that the officer who arrested him administered a field test which indicated the substance found on McClure's person was methamphetamine. Pl.'s Reply Br. at 2; *see Robinson v. Eager*, No. 4:10-CV-020, 2010 WL 746730, at *2 (N.D. Ind. March 1, 2010) (dismissing Fourth Amendment claim where substance at issue resembled a controlled substance and a field test indicated it was methamphetamine); *see also Garcia v. City of Chi., Ill.*, 24 F.3d 966, 970 ("[F]inding a white powder in a person's possession provides probable cause to arrest that person for possession of cocaine.").  Accordingly, it appears to the Court that McClure is attempting to challenge his prolonged detention, not the preceding arrest.

surpassed that number fivefold. Accordingly, for the same reasons given in *Sivard*, the Court **DENIES** the City's Motion to Dismiss with regard to McClure's § 1983 claim against the City.

IT IS SO ORDERED this 4th day of November, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com