| | |
|---|---|
| CHRISTOPHER MCCLURE,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF CRAWFORDSVILLE,<br>　　　　Defendant. | )<br>)<br>)<br>)　　1:10-cv-00822-LJM-TAB<br>)<br>)<br>)<br>) |

## ORDER ON DEFENDANT'S MOTION TO RECONSIDER

This matter is before the Court on defendant's, City of Crawfordsville (the "City"), "Motion for Reconsideration re Order on Motion to Dismiss" (Dkt. No. 19) pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. In the Court's Order on the City's Motion to Dismiss (Dkt. No. 18), the Court concluded that plaintiff, Christopher McClure ("McClure") has a cognizable § 1983 claim premised on his allegation that he was jailed for ninety two days before a laboratory test confirmed that the substance in his possession when he was arrested was a dietary supplement, not methamphetamine.

In the pending motion, the City again asserts that there is no Constitutional right to a speedy confirmation of preliminary evidentiary findings, citing *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994) and *Kimbrew v. Evansville Police Dept.*, 867 F.Supp. 818, 826 (S.D. Ind. 1994). Indeed, these cases establish that a person has no right to a speedy determination by the arresting law enforcement body (the City, in this case) of whether the substance in the person's possession at the time of his arrest tested positive for controlled substances.

Still, the Constitution may set an outer limit on the length of time the State can detain

a person before confirming whether the substance found in the person's possession tests positive for controlled substances.  This was alluded to in *Baker v. McCollan*, 443 U.S. 137, 145 (1979), a case cited by the dissent in *Garcia*.  *Garcia*, 24 F.3d at 973-74 (Cudahy, J., dissenting); *see Baker*, 443 U.S. at 145 (observing that continued detention "in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law.'").  Other cases handed down from the Seventh Circuit support this notion.  *See, e.g., Bergren v. City of Milwaukee*, 811 F.2d 1139, 1143 (7th Cir. 1987) ("The right to arrest a suspect does not, of course, give the state the right to hold him for any length of time or under any conditions.  It is axiomatic that due process requires that a pretrial detainee not be punished." (internal quotation omitted)).

In addition, McClure may have a claim premised on the Fourth and Fourteenth Amendments if he was not afforded an initial hearing before a judicial officer to contest his post-arrest detention.  *See Gerstein v. Pugh*, 420 U.S. 103, 126 (1975) ("[T]he Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention."); *Coleman v. Frantz*, 754 F.2d 719, 723 (7th Cir. 1985) ("We hold that the plaintiff's eighteen-day detention without an appearance before a judge or magistrate was a deprivation of liberty without due process of law."), *abrogated on other grounds by Benson v. Allphin*, 786 F.2d 268, 279 n.26 (7th Cir. 1986).

In the pending motion, the City points out that regardless of how the Court interprets McClure's Complaint, under either of the two methods alluded to above, any Constitutional claim that McClure has for his prolonged detention can only be brought against his jailer, not the law enforcement body responsible for his arrest.  *Cf. Garcia*, 24 F.3d at 970 (addressing plaintiff's constitutional claim against the City of Chicago); *see Coleman*, 754

F.2d at 723 (addressing plaintiff's constitutional claim against the Sheriff of Wells County, Indiana). McClure has not responded to the City's motion, and the Court notes that he did not name Montgomery County or its Sheriff in his original Complaint. Accordingly, the City's Motion to Reconsider (Dkt. No. 19) is **GRANTED**, and McClure's claim against the City is **DISMISSED**. Judgment shall enter accordingly.

IT IS SO ORDERED this 2nd day of December, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com